**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EARTHLINK, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:02-CV-1921-JOF |
| LOG ON AMERICA, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

In its September 12, 2005 order, the court noted that Defendant Paolo had failed to keep the court apprised of his current address. The court stated that such failure could be grounds for entry of default judgment. *See* Local Rule 41.2C. The court directed Defendant Paolo to notify the court of his current address within twenty days. The Clerk of the Court served the order on Defendant Paolo at his last known address and also served the September 12, 2005 order on LOA's bankruptcy trustee.

Defendant Paolo has not responded to the court's September 12, 2005 order. The next step in the litigation is preparation of pretrial order and trial. The court recognizes that it has the inherent authority to enter default judgment for failure to comply with the court's order. *See*, *e.g.*, *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citing *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885 (5th Cir. 1968)). The court also recognizes that this

AO 72A
(Rev. 8/82)

is a drastic remedy that should only be taken in extreme circumstances, particularly in light of the general preference for suits to be decided on the merits. *Id.* However, because the litigation has reached a point where it cannot continue without Defendant Paolo, the court finds that it has no alternative but to strike Defendant Paolo's pleadings and instruct Plaintiff to file a motion for entry of default judgment within twenty (20) days from the date of this order.

**IT IS SO ORDERED** this 5th day of January 2006.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

2

AO 72A
(Rev. 8/82)