IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EARTHLINK, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:02-CV-1921-JOF |
| LOG ON AMERICA, INC., DAVID R. : | |
| PAOLO, and JOHN DOES 1-10, : | |
| : | |
| Defendants. : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for default judgment against David R. Paolo [34-1].

**I.  Procedural History**

Plaintiff EarthLink, Inc., filed suit against Defendants, Log On America, Inc. ("LOA"), David R. Paolo, and John Does 1-10, on July 11, 2002, alleging various fraud, RICO, breach of contract and related causes of action.  A day after Plaintiff filed its complaint, LOA filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware.  Thus, EarthLink's claims against LOA were stayed.  Defendant Paolo, proceeding *pro se* however, filed an answer in this case and was not subject to the bankruptcy stay.

In an order dated June 30, 2004, the court denied with leave to renew Plaintiff's motion for partial summary judgment. As part of its ruling, the court noted that numerous of Plaintiff's allegations were predicated on Plaintiff's belief that LOA and Mr. Paolo had breached their contract with Plaintiff. At the time of the court's order, the breach of contract action was the subject of litigation in the bankruptcy proceeding, and the court agreed to stay the instant lawsuit while the bankruptcy proceeding continued. The court requested that the parties file a status report with the court on April 1, 2005.

At that time, Plaintiff notified the court that the breach of contract action between LOA and EarthLink, Inc., had been settled and the settlement approved by the bankruptcy court in Delaware. LOA's bankruptcy trustee then filed suit against Mr. Paolo alleging various fiduciary violations. On June 15, 2005, this court informed the parties that it would not stay the instant litigation while the bankruptcy trustee's action proceeded. The court directed the parties to submit motions for summary judgment or a pretrial order.

On July 15, 2005, EarthLink filed a status report with the court indicating that it had been unable to locate Mr. Paolo in order to prepare a joint pretrial order. In an order dated September 12, 2005, the court noted that Defendant Paolo had failed to keep the court apprised of his current address. The court stated that such failure could be grounds for entry of default judgment. *See* Local Rule 41.2C. The court directed Defendant Paolo to notify the court of his current address within twenty days. The Clerk of the Court served the order on Defendant Paolo at his last known address and also on LOA's bankruptcy trustee.

2

Defendant Paolo did not respond to the court's September 12, 2005 order. In an order dated January 5, 2006, the court struck Defendant Paolo's pleadings and instructed Plaintiff to file a motion for entry of default judgment. Plaintiff then filed the instant motion.

## II.     Motion for Default Judgment

The court may grant default judgment on those claims brought by Plaintiff that are legally sufficient and supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). By its default, Defendant "admits the plaintiff's well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, simply because Defendant is in default does not mean that a default judgment is warranted. *Id.* at 1206. Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the [defendant] of [its] liability and of the plaintiff's right to recover." *Id.* Thus, the court must determine whether the well-pleaded allegations in the complaint deemed admitted by Defendant are sufficient to establish both Defendant's liability and the amount of damages such that Plaintiff's motion for default judgment must be granted.

Furthermore, a "judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). Morever, although

a party in default admits the well-pleaded allegations of the complaint against it, the claimant "cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *Patray*, 931 F. Supp. at 869. Therefore, in order to grant the instant motion for default judgment with respect to the issue of damages, this court must find that the amount of damages is liquidated or can be reduced to a sum certain.

Here, Plaintiff has filed a motion for default judgment in which it asks the court to grant default on its eighteen separate causes of action brought against Mr. Paolo: (1) federal civil RICO, (2) Computer Fraud and Abuse Act, (3) Electronic Communications Privacy Act, (4), Georgia civil RICO,[1] (6) tortious interference with contract, (7) tortious interference with business relations, (8) slander, (9) slander per se, (10) libel per quod, (11) libel per se, (12) conversion, (13) misappropriation, (14) Georgia Computer Systems Protection Act (computer theft and trespass), (15) unfair competition, (16) unjust enrichment, (17) conspiracy, (18) attorney's fees pursuant to O.C.G.A. § 13-6-11, and (19) punitive damages under O.C.G.A. § 51-12-51.

Plaintiff also submitted the affidavit of Mr. Cliff Bryant, Director of Acquisitions for EarthLink. In his affidavit, Mr. Bryant submits that as a result of Mr. Paolo's "knowing, willful and tortious interference with EarthLink's business activities, and numerous defamatory

---

[1] The fifth cause of action raised in Plaintiff's complaint – breach of contract – was filed only against LOA.

4

statements, EarthLink lost Subscribers it would have been able to retain under the LOA transaction. As a result, EarthLink has suffered damages of not less than $226,952.00 based on the loss of income from Subscribers." *See* Bryant Aff., ¶ 8. Mr. Bryant then describes the mathematical calculations he made to reach the damages figure based on historical predictions of the numbers of subscribers EarthLink could expect to lose in a subscriber acquisition – such as that with LOA – and what amount of profit EarthLink would have made from those lost subscribers. Mr. Bryant's affidavit refers only to Mr. Paolo's tortious interference with EarthLink's business activities and defamatory statements.

As an initial matter, for the same reasons the court described in its June 30, 2004 order denying Plaintiff's motion for partial summary judgment, Plaintiff's tortious interference with business relations and tortious interference with contractual relations claims fail even under default judgment because as a matter of law, Mr. Paolo is not a stranger to the LOA contract with EarthLink. *See* Order, dated June 30, 2004, at 5-7. Thus, to the extent EarthLink's current motion is based on those two causes of action, it is denied.

EarthLink then seeks the benefit of default judgment as to sixteen other causes of action. As the court described above, in order to grant default judgment, the court must find that the well-pleaded allegations in the complaint deemed admitted by Defendant are sufficient to establish Defendant's liability as to each of those sixteen separate causes of action. However, EarthLink has not given the court the benefit of any briefing on whether these causes of action are well-plead in Plaintiff's 55-page, 163-paragraph complaint.

5

The court finds that the most expeditious manner in which to proceed is to direct Plaintiff to file a motion for summary judgment briefing one or more of the causes of action set forth in the complaint on which it wishes to proceed to establish the damages asserted in Mr. Bryant's affidavit. The motion for summary judgment should include a statement of material undisputed facts regarding the facts related to liability for those causes of action on which Plaintiff moves, as well as the facts used to calculate damages.

Accordingly, the court DIRECTS Plaintiff to file a motion for summary judgment within thirty (30) days from the date of this order.

IT IS SO ORDERED this 24th day of March 2006.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)